FEHLHAFER, Respondent, v. FEHLHAFER, Appellant

(42 N. W. 232)

(File No. 9126. Opinion filed April 11, 1950)

Rehearing denied May 24, 1950

**C. J. Delbridge, Edwin C. Parliman,** Sioux Falls, for Plaintiff and Respondent.

**John Carl Mundt,** Sioux Falls, for Defendant and Appellant.

HAYES, P.J.   Plaintiff brought suit for divorce. Defendant answered and cross complained.   Plaintiff replied to the cross complaint.   Thereafter, and before trial on the merits, defendant moved to dismiss plaintiff's complaint upon the grounds that the same fails to state a cause of action, that the action is barred because of an unreasonable lapse of time before the commencement thereof and that there is no showing that plaintiff had been restored to sanity before bringing suit.   The motion to dismiss refers to findings of a board of insanity and seeks to incorporate by reference certain other court proceedings on the part of plaintiff.   The records of these proceedings are not before us.   The same are deemed not at all material to a disposition of the question we now consider.   Defendant attempted to perfect an appeal from an order denying his motion to dismiss.   Prior to or at the time of such attempt he undertook no compliance with the provisions of SDC 33.-0704.

Upon plaintiff's application therefor an order was issued requiring defendant to show cause why his attempted appeal should not be dismissed.   By answering affivadit defendant iterates the motion to dismiss and argues the alleged insufficiency of plaintiff's complaint.   He urges that the facts pleaded in the motion bar the suit by plaintiff and that those facts are such as to preclude jurisdiction of the court over the person of plaintiff and over the subject matter of her action.   Asserting that his motion to dismiss was in the nature of a motion for judgment on the pleadings defendant requests that this court, acting pursuant to SDC 33.0729, allow his attempted appeal to stand.

Adhering to his initial view that the attempted appeal is unauthorized in the absence of an allowance of the same under SDC 33.0701(6) and section following, plaintiff's counsel urges a dismissal of the appeal.   With this view we agree.

Defendant's motion to dismiss is, in part at least, akin to a demurrer.   Incorporated therein are matters which may have been properly included in an answer and some mat-

ters of proof which would tend to support specific defenses if pleaded. The order of the trial court denying said motion has determined nothing except that plaintiff's complaint should not have been dismissed upon said motion. Such an order is not reviewable as a matter of right and we find here no good reason for thinking that the ends of justice would be served by an advanced determination of the propriety of said order. Our view is that the opinion of this court in Hall v. City of Belle Fourche, 67 S.D. 435, 293 N.W. 631, is decisive and requires that the attempted appeal be dismissed. It is so ordered.